IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOWNS MCGARVEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21 C 6664 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Downs McGarvey seeks to overturn the denial of his application for Supplemental Security Income (SSI). McGarvey contends that he is disabled because he suffers from hand tremors, obesity, hypertension, chronic obstruction pulmonary disease (COPD), asthma, dizziness, degenerative disc disease (DDD) of the lumbar spine, degenerative joint disease (DJD) of the left shoulder, obstructive sleep apnea, an alleged questionable tiny infundibulum/aneurysm, and depression.

An administrative law judge (ALJ) found that only McGarvey's hand tremors constituted a severe impairment. The ALJ went on to find that McGarvey's tremors significantly limited his functional capability in various ways but ultimately concluded that there were jobs that he could perform that existed in significant numbers in the national economy. The ALJ thus determined that McGarvey did not qualify as disabled as of December 11, 2019, the date he submitted his application for SSI. The Social Security Administration's Appeals Council denied McGarvey's request for review of the ALJ's

decision.

McGarvey has filed suit to challenge the ALJ's decision. McGarvey advances five arguments: (1) the ALJ failed to develop his lumbar impairment; (2) when making McGarvey's residual functional capacity (RFC) finding, the ALJ failed to sufficiently accommodate his hand tremors by only limiting fingering, and not handling; (3) the ALJ also failed to account for all limitations from McGarvey's medically determinable impairments in her RFC analysis; (4) the ALJ's decision is constitutionally defective because she derived her authority from a Commissioner who was removable only for cause in violation of the separation of powers doctrine; and (5) the ALJ and the Appeals Council judges who adjudicated McGarvey's case had no legal authority to do so because they were improperly appointed.

For the reasons explained below, the Court concludes that the ALJ erred in its RFC determination and therefore reverses the agency's decision and remands the case for further consideration.

**Background**

McGarvey applied for SSI on December 11, 2019, claiming a disability onset date of January 1, 2012. The Court will summarize McGarvey's condition and ALJ Karen Sayon's decision as relevant to this appeal. The following facts are undisputed except where otherwise noted.

McGarvey is a 53-year-old man who is 6' 2" and weighs 330 pounds. He has a tenth-grade education and lives alone. After many years of working as a roofing helper, McGarvey ceased working around 2014 or 2015 due to chronic back pain and other health concerns.

From December 11, 2018 to February 28, 2019, McGarvey was treated at Neuroscience Institute for essential tremors, a neurological disorder that causes involuntary shaking. McGarvey has suffered from tremors in both hands since age thirteen or fourteen but reported to providers that they have worsened as he has aged. Others in his immediate family suffer from tremors as well. McGarvey has been prescribed several different medications for his tremors; these have proven unsuccessful in alleviating his symptoms. McGarvey has difficulty holding objects[1] and writing his name.

From January 10, 2019 to May 8, 2020, McGarvey was seen at Primary Care Joliet-Southside. There, he was diagnosed with hypertension, chronic back pain, COPD, sleep apnea, and pain in the left shoulder. He returned to Primary Care Joliet-Southside several times from June 3, 2020 to January 21, 2021. At one of those visits, a brain tumor was identified via MRI.

On September 10, 2020, McGarvey was seen by Dr. Samuel Quaynor. Among other things, Dr. Quaynor treated McGarvey for his tremors, vertigo, dizziness, asthma, and COPD.

In March 2021, McGarvey testified to the following at a hearing before the ALJ. He drives only to doctor's appointments, and the chores he can manage do not extend much beyond starting the washing machine or making a sandwich. To keep himself busy during the day, McGarvey walks outside, sits outside, watches television, and tries to keep his mind occupied. He can sit for only about an hour at most before feeling

---

[1] The example repeatedly given is McGarvey's inability to eat cereal because he cannot bring the spoon to the bowl and back to his mouth without dropping its contents.

3

back pain, and then he can walk for only about eight to ten minutes before feeling pain in his knees and back and shortness of breath. McGarvey also struggles with balance. His shoulder pain was caused by a fall brought on by a dizzy spell that caused him to lose his balance. Those dizzy spells are triggered by shortness of breath or coughing. McGarvey feels comfortable lifting only about twenty pounds of weight because of the carpal tunnel syndrome in his wrist and his tremors. He is a heavy smoker and has had difficulty quitting. McGarvey uses his inhaler three to four times a day. He also takes pain medication for his back, blood pressure medication to control his blood pressure, and muscle relaxants to help him sleep.

On March 24, 2021, the ALJ issued a decision denying McGarvey's SSI claim. The only impairment that the ALJ found to be severe was his tremors. Despite finding his tremors to be severely limiting, the ALJ determined that McGarvey had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: "no operation of dangerous moving machinery (such as a forklift, or machinery with exposed sharp blades or knives); no work at heights; and occasional fingering bilaterally." Dkt. no 8-1 at 30. The ALJ also found that McGarvey could make a successful adjustment to other work that exists in significant numbers in the national economy, namely, as a janitor, a laboratory cleaner, a machine cleaner, and/or a machine feeder.

At the time of his appeal, McGarvey contends that he continues to suffer from persistent tremors which are not controlled with medication. The tremors, he contends, limit his ability to use his upper extremities for activities such as lifting/carrying, handling, and grasping. McGarvey contends he is further limited by chronic low back

and bilateral shoulder pain, as well as shortness of breath and fatigue resulting from his COPD and asthma. Finally, McGarvey contends he struggles with ongoing depression that is exacerbated by day-today stressors and his other physical ailments.

When the Appeals Council denied McGarvey's request for review on October 15, 2021, the ALJ's decision became the final decision of the Commissioner of Social Security. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). McGarvey then filed this lawsuit seeking judicial review of the Commissioner's final decision. McGarvey asks the Court to remand the case to the agency to award and calculate benefits, or in the alternative, for further proceedings. The Commissioner of Social Security has moved for entry of judgment against McGarvey.

## Discussion

After exhausting administrative remedies, an applicant for Social Security benefits may seek review of a denial in federal district court. 42 U.S.C. § 405(g). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

On review, the ALJ's findings of fact are conclusive if they are supported by substantial evidence. *Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). The substantial evidence standard, however, does not insulate the ALJ's findings and conclusions from review. "Although this standard is generous, it is not entirely uncritical." *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (internal quotation marks omitted). A court

conducts "a critical review of the evidence," considering the evidence that supports and evidence that detracts from the SSA's decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (internal quotation marks omitted). "'The decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues.'" *Id.* (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Id.*

The ALJ followed the standard five-step evaluation process to determine whether McGarvey was disabled during the relevant period. *See* 20 C.F.R. § 404.1520(a). The second and fourth steps of this evaluation are the most relevant to this appeal. At the second step, the ALJ determines whether the claimant's impairment or combination of impairments limits his physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The fourth step involves determining the claimant's RFC, that is, his ability to work on a sustained basis despite impairment limitations. *Id.* § 404.1520(e).

A. **Lumbar impairment severity**

McGarvey argues that the ALJ erred by failing to adequately consider his lumbar impairment. The Court construes this contention as challenging the ALJ's finding at step two that McGarvey's lumbar impairment was not severe. Step two is "a *de minimis* screening for groundless claims." *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016). Errors at this stage are therefore harmless if the ALJ "properly considered all of [the claimant]'s severe and non-severe impairments, the objective medical evidence, her symptoms, and her credibility when determining her RFC immediately after step 3." *Curvin v. Colvin*, 778 F.3d 645, 649 (7th Cir. 2015); *see also*, *Arnett v. Astrue*, 676 F.3d

586, 591 (7th Cir. 2012) ("But even if there were a mistake at Step 2, it does not matter. Deciding whether impairments are severe at Step 2 is a threshold issue only; an ALJ must continue on to the remaining steps of the evaluation process as long as there exists even *one* severe impairment.") (emphasis in original).

The ALJ in this case satisfied step two by categorizing one impairment—McGarvey's tremors—as severe. Thus, even if the ALJ erred in finding at step two that McGarvey's lumbar impairment is not severe, the error is harmless unless the ALJ also failed to incorporate all of McGarvey's impairments—both severe and non-severe—into the RFC determination. McGarvey contends that the ALJ erred in this regard by failing to consider the impact of all his other medically determinable impairments and by not setting sufficient limitations on his capacity related to his tremors. Because the argument that an ALJ failed to consider the cumulative impact of all the claimant's impairments "boil[s] down to a contention that the ALJ overstated [his] RFC by making this mistake," McGarvey's appeal "comes down to whether the ALJ erred in assessing [his] RFC." *Arnett*, 676 F.3d at 591. The Court therefore proceeds to address that issue.

B.   RFC determination

McGarvey argues next that the ALJ erred at step four of the evaluation process. Among other arguments, he contends that the ALJ's determination of his RFC does not adequately take into account his range of medically determinable impairments and their compounding effects. The Seventh Circuit has "frequently reminded the agency that an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477

7

(7th Cir. 2009) (collecting cases). If an ALJ believes that certain impairments are not severe, "that would only justify discounting their severity, not ignoring them altogether." *Id.* And "[a]lthough an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Arnett*, 676 F.3d at 591.

In this case, the ALJ did not properly consider the cumulative impact of McGarvey's ten other, non-severe impairments.[2] The majority of the ALJ's opinion consists of her assessment of McGarvey's impairments for severity at step two. Nowhere in her RFC finding, however, does the ALJ discuss these ten non-severe impairments or how McGarvey's RFC was adjusted to account for any of them. The Commissioner is correct that the Seventh Circuit requires reviewing courts to read an ALJ's opinion as a whole and with common sense. *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010); *see also*, *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004). The Commissioner also insists that it would be redundant for the ALJ to repeat her discussion from step two at step four. *Curvin*, 778 F.3d at 650. But a rote repetition of the step two severity analysis is not what was missing from the ALJ's decision. Instead, the ALJ needed to discuss specifically how each of McGarvey's limitations was considered, accounted for, and/or accommodated in determining McGarvey's RFC. Even a functional limitation in McGarvey's ability to work is still a limitation that requires discussion. Moreover, as McGarvey points out, the step four analysis is not simply a repeat of step two. In particular, certain evidence—such as

---

[2] These non-severe impairments are obesity, hypertension, COPD, asthma, dizziness, DDD of the lumbar spine, DJD of the left shoulder, obstructive sleep apnea, an alleged questionable tiny infundibulum/aneurysm, and depression.

8

age, education, and work experience—is not considered when establishing whether an impairment is severe at step two of the sequential evaluation process. 20 C.F.R. § 416.920(c). But these factors are relevant at step four.

Of all McGarvey's impairments that the ALJ failed to discuss or accommodate at step four, the impairments that appear most at odds with the ultimate RFC finding are his COPD and asthma. At McGarvey's March 2021 hearing, a vocational expert named Mary Everts testified that the jobs available to McGarvey in the national economy with his particular RFC were: janitor, laboratory cleaner, machine cleaner, and machine feeder. McGarvey points out that these jobs would be very difficult for him to perform given his tremors—which he contends prevent him from holding objects—particularly given the fact that the ALJ provided for no handling limitations (only fingering limitations) in his RFC. But what the Court is left questioning, given the ALJ's lack of discussion at step four, is how McGarvey is expected to perform this type of work with his COPD and asthma given the pulmonary irritants involved. In fact, on cross-examination, Everts testified that all four of the supposedly available jobs would be eliminated for an individual such as McGarvey who could not be exposed to pulmonary irritants.

Although courts do not reweigh the evidence presented to the ALJ, remand is appropriate if "[n]othing in the ALJ's opinion explains how" the RFC is consistent with the limitations associated with an impairment and "the RFC makes no reference to any work limitations that would accommodate [the impairment]." *Arnett*, 676 F.3d at 592. Given the lack of any discussion of McGarvey's ten non-severe impairments in the RFC determination—and in particular his COPD and asthma—this case warrants remand because, at a minimum, the Court "has no idea what the ALJ thought about this

9

evidence." *Id.*

Finally, McGarvey takes issue with the ALJ's failure to limit handling—as opposed to just fingering—in his RFC given that his tremors affect his hands as a whole, not just his fingers. Unlike McGarvey's non-severe limitations, the ALJ did discuss his tremors in some detail at step four. The ALJ found that the record showed that McGarvey's tremors did not lead to the same degree of functional limitation that McGarvey contended. Of particular relevance to the ALJ's finding appears to be the fact that McGarvey is still able to drive[3] and do household chores[4], and the fact that there were gaps in his treatment for tremors.[5] But the only thing that the ALJ stated with respect to the fingering limitation is that it would "accommodate his reported issues holding objects." Dkt no. 8-1 at 32. Given that the record is replete with evidence of McGarvey's tremors effecting his *hands* and his ability to hold objects, it is unclear why the ALJ only provided a fingering limitation. The ALJ therefore failed to build the requisite "accurate and logical bridge" between the record evidence and her result. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000).

In short, substantial evidence does not support the ALJ's determination of McGarvey's RFC. The ALJ failed to properly consider the aggregate effect of all McGarvey's ailments, and she failed to explain why the limitations she imposed on his

---

[3] The Court notes, however, that McGarvey testified that he drives only to doctor's appointments.
[4] The Court notes that McGarvey testified that although he can start the washing machine, he struggles with other household chores. It's less than clear to the Court that the ALJ sufficiently considered this limitation.
[5] The gaps in treatment, however, consist mostly of lapses in taking medication, as McGarvey repeatedly told providers that the medications had no effect on his tremors. It's less than clear that this should be accorded the same significance on remand that the ALJ gave it in her original decision.

10

RFC involved only fingering. The Court further notes, for purposes of remand, that if the ALJ believes she lacks sufficient evidence to make a decision, she must adequately develop the record and, if necessary, obtain further expert opinions. *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000).

**C.   Other issues**

Because an ALJ's failure to consider all impairments in his RFC determination warrants remand, *Curvin*, 778 F.3d at 649, the Court need not address McGarvey's final two arguments, including the separation of powers argument that McGarvey withdrew in his reply brief.

## Conclusion

For the reasons stated above, the Court denies the Commissioner's motion for summary judgment [dkt. no. 13] and grants McGarvey's request to reverse and remand the agency's decision. The Court directs the Clerk to enter judgment vacating the decision of the Social Security Administration and remanding the case for further consideration consistent with the Court's decision.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  December 19, 2022